8114

## SMITH v. SOUTHERN RY.

RAILROADS—SIGNALS—ISSUES.—Whether a railroad company should ring a bell or blow a whistle or post a man in front of a moving train in its yards to warn its employees of the movement of cars is a question for the jury.

Before PRINCE, J., Richland, February term, 1910. Reversed.

Action by P. J. Smith against Southern Railway Company. Plaintiff appeals.

*Messrs. DePass & DePass,* for appellant, cite: *Duty of carrier to warn employees:* 43 N. Y. S. 922; 61 S. C. 468; 74 S. C. 102; 61 S. C. 556; 63 S. C. 494; 71 S. C. 156; 6 L. R. A. (N. S.) 646; 14 L. R. A. (N. S.) 952; 33 Cyc.

811; 82 S. W. 989; 55 S. E. R. 103; 45 N. E. 848; 1 Thom. & C. 292; 65 S. C. 214; 10 Rich. 227; 29 S. C. R. 905; 37 S. E. R. 226; 6 L. R. A. (N. S.) 658. *Assumption of risks:* 79 S. C. 502.

*Mr. E. M. Thompson,* contra, cites: *As to duty of master to warn:* 72 S. C. 240, 339; 55 S. C. 483; 221 Ill. 547; 34 S. C. 292; 138 Fed. 728; 122 U. S. 194; 53 Wash. 279; 145 U. S. 418; 189 Mass. 358; 108 Am. St. R. 335; 109 Ill. App. 351; 30 S. E. 729; 54 Am. St. R. 542; 94 Fed. 946; 98 Fed. 682; 21 L. R. A. 660; 160 U. S. 438; 137 Fed. 904; 178 Mo. 514; 128 Mo. 328; 100 N. W. 30; 88 S. W. 422; 150 U. S. 248. *Employee assumes risk of manifest perils:* 84 S. C. 287; 72 S. C. 248, 237.

March 1, 1912. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This case was tried in Richland county, before his Honor, Judge Prince, and a jury, and was an action for damages for personal injury. The exceptions deal entirely with the charge to the jury. A short statement, eliminating all extraneous matters, will make the questions simple and clear.

The plaintiff contends that he was a car repairer in the employ of the defendant on its Royster yard near Columbia. That there were ten tracks in said yard. That while working on a car on track No. 3 he and his assistant were directed by the proper officer of the defendant company to repair the door of a car on track No. 1, as soon as he finished the work on which they were then engaged. That track No. 2 was situated between track No. 3 and track No 1, and that it was necessary for them to cross track No. 2 in order to reach track No. 1. That there were lines of cars on tracks No. 2 and No. 3. That in going to track No. 1 he found an open space between two cars on track No 2; that he stopped and looked and listened, but could see no

indication of any movement of the cars on track No. 2, and undertook to cross track No. 2 to reach track No. 1. That while he was in the act of crossing track No 2, the defendant, through its agents and servants, by shoving in another car on track No. 2, thus suddenly moved the cars on track No. 2, which struck the plaintiff and knocked him to the ground, ran over his foot, cut off a part of it, and did him serious bodily injury. The plaintiff alleged that the defendant was negligent in this matter in not giving warning of the movement of the cars on track No. 2, and that his injury was caused by defendant's negligence.

The specifications of negligence that are now before this Court are: 3. "In causing said car to violently strike with great force and shove backwards a long line of cars upon another track within the yard where workmen are constantly at work without giving any warning of their intention so to do; 4. In shoving, kicking back said car in the manner aforesaid without having an employee on the forward part to protect same."

The defendant admitted that it was necessary for plaintiff to cross track No. 2 in order to reach track No. 1, but not that it was necessary for him to cross track No. 2 at the time he did; denied that it was necessary to give warning before moving the cars on track No. 2, and pleaded that the sudden movement of these cars was to be expected, and that plaintiff had assumed the risk with the employment.

Exception 4 was abandoned at the hearing and need not be considered.

Exceptions 1, 3 and 5 complain of error in the Circuit Judge in charging that it was not necessary to have the bell rung or the whistle sounded in moving engines and cars in a yard. In this charge his Honor invaded the province of the jury. When the statute directs a certain thing to be done, it is negligence *per se* not to do what the law requires, but it does not follow that these things are not to be done at other times and under other circumstances.

His Honor charged the jury, "the duty is placed upon the defendant by law in thus operating its engine, that these engines and cars must be shifted with due regard for the safety of its employees," but the sounding of the bell or whistle had been excluded. It was the province of the jury to say what due regard for the safety of its employees required. It was the province of the jury to say whether any warning was necessary under the circumstances, and if warning was necessary, what warning. His Honor erred in this and these exceptions are sustained.

Exceptions 2 and 6 complain of error in the charge in that his Honor charged the jury that it was not necessary to have a man posted in front of its cars to warn its own employees in its switching yard. For the reasons stated above, this also was error. It was the jury's province to state what, if any, warning was necessary.

The 7th exception cannot be sustained. It is an isolated sentence. Almost immediately before his Honor had limited the expression "any damages" and in his main charge had fully explained. This exception is overruled.

For the errors which we have pointed out, the judgment is reversed and the cause remanded for a new trial.

MR. JUSTICE WATTS *did not sit in this case.*